STEVEN K. EISENBERG, ESQ.
STERN & EISENBERG, PC
1040 N. KINGS HIGHWAY, SUITE 407
CHERRY HILL, NJ 08034
TELEPHONE: (609) 397-9200
FACSIMILE: (856) 667-1456

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
(NEWARK)**

| In Re:<br><br>Sheila M McCauley<br><br>Debtor(s) | Chapter 13<br><br>Case Number: 14-28790<br><br>Hearing: January 20, 2015 at 10:00am |
|---|---|

**Certification of PennyMac Holdings, LLC, f/k/a PennyMac Investment Trust Holdings I, LLC, by PennyMac Loan Services, LLC, Its servicing agent (hereinafter referred to as "PennyMac Holdings, LLC") from the Automatic Stay under 11 U.S.C. UNDER §362(d) (and 1301) With Respect to Property:   11 Gray Drive , North Kingstown, RI 02852 (the "Property")**

I am authorized to make this Certification on behalf of PennyMac Holdings, LLC, and in support of the Motion for Relief certifies as follows:

1. Movant is PennyMac Holdings, LLC.

2. Debtor(s) are Sheila M McCauley (hereinafter "Debtor(s)").

3. On 03/14/2005, Debtor(s) signed a note and mortgage ("Mortgage") in the principal sum of 346,000.00, evidencing a loan from Ameriquest Mortgage Company in the same amount, secured by the Property, as evidenced by a mortgage duly recorded on 04/04/2005 inBook 1979 at Page 253, in the office of the Record of Deeds of Washington County, Rhode Island.  A copy of the Mortgage is attached as Exhibit "A" and hereby incorporated by reference.

4. The subject Mortgage was assigned as follows:

    a.     From "Citi Residential Lending, Inc., as Attorney-in-Fact for Ameriquest Mortgage Company" to "Mortgage Electronic Registration Systems, Inc., solely as nominee for JPMorgan Chase Bank, National Association" by Assignment of Mortgage recorded on 01/08/2009 at Book 02354, Page 015.

    b.     From "Mortgage Electronic Registration Systems, Inc." to "JPMC Specialty Mortgage, LLC" by Assignment of Mortgage recorded on 4/23/2009 at Book 2385, Page 022.

MFR - CH 13 NO PRIORS

    c. From "JPMC Specialty Mortgage, LLC, C/O Chase Home Finance, LLC" to "PennyMac Holdings, LLC" by Assignment of Mortgage recorded on 4/21/2014 at Book 2820, Page 315.

5. Debtor(s) filed the instant Chapter 13 Bankruptcy on 09/13/2014 and as a result, any State Court proceedings were stayed.

6. Debtor(s) is required to make post-petition payments after the filing, but has failed to make the following payments (and all subsequent payments):

    i. Monthly payments in default: ................................10/01/2014-12/01/2014

    ii. Monthly payments (3 at $2,018.91): ......................$6,056.73

    iii. Attorney Fees/Costs: .............................................$1,026.00

    iv. Total post-petition arrears: ....................................$7,082.73

7. In addition, PennyMac Holdings, LLC has incurred counsel fees and costs in association with Debtor(s)' default and this motion.

8. This Certification is made in support of the Motion for Relief regarding the Property.

9. Movant also requests that the requirements of Rule 3002.1 should not apply to Movant and Debtor(s) will not be considered current with Movant at the conclusion of the instant case

WHEREFORE, Movant, PennyMac Holdings, LLC respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 (and 1301) from the automatic stay.

    Respectfully Submitted:

By: *Regina Chatman*
Name: Regina Chatman
Title: Bankruptcy Supervisor

Date: 12/22/2014

MFR - CH 13 NO PRIORS